May it please the Court, my name is William Davis, and I'm here on behalf of the National Organization for Marriage. With the Court's permission, I've reserved seven minutes for rebuttal, if that's appropriate. This is an appeal from the District Court with respect to the denial of a claim for attorney's fees pursuant to 26 U.S.C. 7430. At the outset, we recognize and we do understand that the standard of review here is abuse of discretion. We understand that. It is our contention that the District Court Judge abused his discretion in three different ways with respect to the holding in this case. Number one, with respect to determining what the significant issue or significant set of issues were with regard to the case, he narrowly circumscribed it to the claim for punitive damages. The case was brought under 26 U.S.C. 7331, which provides for three different types of claims. You can claim for willful misconduct, gross negligence, or actual simple negligence. All three of those claims were brought. The District Court Judge circumscribed his analysis only to the particular claim of punitive damages. Secondly, while both counts of your complaint, as well as the prayer for damages, emphasizes in several places in each one the intentional and grossly negligent conduct alleged of the IRS. It absolutely does, Your Honor. In addition to that, though, it also alleges that there was just actual simple negligence as well. I mean, so in other words, all three of those claims were being brought in count two. And it's our position that they are independent of one another and that the District Court Judge did a very focused circumscribed analysis as to what was significant in the case. But isn't that the test? Aren't we supposed to look at what is the primary or central issue in the case? It is, and it's our position that there was more to this case than simply claiming punitive damages. No, I get that, but the question is, amongst these issues, which is the one that really was the focus of the litigation? And it seems to me that the District Court reasonably concluded that really what this was about was the intentionality of the conduct and the attempt to seek punitive damages, additional damages over and beyond the compensatory damages. Our view is that he gave short shrift or did not focus at all on the fact that the case was brought initially to ascertain what happened, to ascertain an established government liability for an unlawful disclosure. The government admitted pretty quickly that there was an unauthorized disclosure, so there wasn't a whole lot of controversy about that. They did admit that in their answer, which they filed. What they did not admit and what they continued to deny throughout the entire case was that there was any actual damage or that the unlawful disclosure had caused any actual damage. And we had to litigate that and continue to litigate that. And our position was that the trial judge just did not focus on that aspect of the litigation, which is of equal dignity under the statute to a claim for punitive damages for either gross negligence or willful misconduct. So the second aspect is that we, he arbitrarily in determining, there's two prongs here as far as whether or not you prevail on the merits. One is if you prevail with regard to significant issues or set of issues, alternatively the amount in controversy. And in this particular case, our second argument is that with regard to the establishment of the amount in controversy, the district judge arbitrarily added a component for punitive damages and then did a mathematical division which resulted in a 23% recovery. We submit that there's no basis in law for that and that the actual amount in controversy. But you ask for punitives quite a few times and a one times multiplier for punitives seems to be fairly conservative. But it's also fairly speculative and it's also fairly arbitrary concerning the actual amount in controversy. Well, so what amount would you use if you want to use less than one times actual damages? Could very well have been less than that in terms of if we were allowed to litigate the issue. We never got to that point, though. Well, how is it an abuse of discretion if the judge thought otherwise? The suggestion is he's entering or applying a factor which is arbitrary and not founded in legal basis at all, factually or legally. He just came up with a number, added it, and created a mathematical calculation. But even if you do that, you still, with the calculation, end up establishing at least a 23% recovery. And I would submit that that, on the prevailing case law, could very well prevail on the amount in controversy. You don't have very many cases out there. I mean, if there are, you should tell us about them. But there aren't very many where a less than 50% recovery counts. There aren't. The Jones case, I think, is one. Well, they got $5 million. They got $5 million. That's a lot of money, I know. But in relation to the amount claimed, I think it was about 15%. So in this particular case, the amount claimed here, in terms of actual damages, was, even if you add back in what was voluntarily withdrawn, is about $117,000. And the recovery was $50,000. So I would submit that there's a basis there that we were the prevailing party on the amount in controversy as well. The third area that we focused on is the substantial justification of the litigating position of the government. And this court, in its Paisley decision, basically applied a standard as to what is the objective indicia of the government's litigating position. Now, from the very beginning, in this case, the government denied that there was actual damage, and the government denied there was any causation between the unlawful disclosure and actual damage. What the government knew, though, at the time that this lawsuit was filed, was that it was one of its documents that had been disclosed, because of the unique watermark that was on the document. This was before the lawsuit was filed. Number two, that it had been disclosed by a clerk at the IRS to an individual who represented himself to be a member of the media. Number three, they knew that he had disclosed that to the Human Rights Campaign, which was the ideological opponent of my client. He knew that the government knew that it had been posted to HRC's website and picked up by the Huffington Post. They knew that an individual by the name of Fred Carter, out in California, took that information and initiated an action in California against my client, and they knew that we accrued obligations, costs, and expenses associated with that. So in the face of that knowledge, they continued to litigate that issue. And I would submit... Well, the litigation would have gone to whether or not there was a limit based on statutory damages, or whether there were actual damages that would exceed that, which would be probable. But in terms of, you're really here, you're just litigating over the amount. Isn't that true? In this particular case, they took the position that there was no causal link between the unlawful disclosure and the incurring of damages. In the face of what I've just described, they knew and they were aware of. And the district court said that, in fact, the issue of proximate cause was a close one. That's what the district court said in its opinion. That is correct. I guess the problem I have here is that you want to take these issues in isolation, but really, in the end, when a party considers a litigating strategy, they don't consider the components of the case. They look at the case as a whole, and it seems to me that this case was going to be litigated because you all were seeking not just actual damages, but punitive damages. And the government, it seemed to me, was well within its rights to contest that aspect of the case. So why weren't they substantially justified in litigating this case to its conclusion? They were substantially justified in litigating the aspects of the case that were clearly problematic or clearly subject to reasonable dispute. My point is that, with regard to the actual damages and the causation, they were very aware, going into this case, throughout the litigation of this case, that that causal link existed and that there were damages which accrued as a result of that causal link. But notwithstanding that, they continued to litigate that issue. Well, wouldn't a party, whether it's the government proceeding like this or any other defendant, wouldn't they be entitled to get beyond their answer in a case and require proof of some sort from the plaintiff as to the actual measurement of the damages? Yes. It can't be unreasonable for a defendant to ask for that proof. Yes, and that proof was provided in this record. And that was provided. In discovery response. So at the conclusion of the discovery, the defendant should just roll over at that point? Well, from the way I understand the statute works, the analysis is what are the objective indicia of the government's strength of the government's case in relation to a specific issue like that. And I would submit that in this particular case, it was very clear that there was a causal chain and it was very clear that it caused damage. And again, the actual damage portion of this case is of equal dignity with the rest of the claims in the case. So we would submit that the trial judge did not even focus on that issue in rendering his memorandum opinion. He didn't even address the issue of what the government's substantial justification was with respect to litigating actual damages and litigating causation. I see I'm about ready to run out of time, so unless there's some questions, I'll sit down. All right. Dale. Good morning. May it please the court. My name is Ivan Dale on behalf of the United States. I think, I mean, the court is right. This is an appeal in an attorney fee dispute over which the district court had broad discretion. The district court was most intimately familiar with the course of litigation, the attorney's efforts. It oversaw the case from the complaint through the scheduling of discovery. Various discovery disputes were resolved. There was a summary judgment motion. There was pretrial matters. There was an exhibit list. There was a final pretrial conference. And this was a case in which, in the end, the government was awarded judgment on claims that its employees had made nine unlawful inspections of tax return information. The unlawful inspection claims somehow are forgotten by the plaintiff in their briefs, but there was a claim that there were nine separate incidences of unlawful inspection on which the government prevailed. And if claims are entitled to equal dignity, then I would submit that those claims, too, would be entitled to equal dignity. The government was awarded judgment on claims that there were multiple willful disclosures of confidential information. It was awarded judgment on the claim that the IRS was grossly negligent in its oversight of those employees. And it was a case in which the plaintiff was obligated to concede the majority of damages that it sought in the complaint, including actual damages. So, you know, from our perspective, reading the complaint, I think the court may agree that the most significant issue was plaintiff's allegations of conspiracy, of politically motivated impropriety. I mean, there were some incendiary allegations in that complaint and the punitive damages that would fall from that. Judge Agee, I think you're right that the court used a pretty conservative multiplier with respect to the punitive damages. I can't imagine that if those allegations in the complaint had proved to be true that the government would have gotten off with $100,000 in punitive damages. And I disagree with the assertion that the district court in resolving this attorney fee matter ignored the claim for actual damages and focused exclusively on this punitive damages claim. The district court parroted a Fourth Circuit unpublished opinion in Goethe, 2006 opinion, and said that this case, like that case, involved a series of claims against the IRS, the majority of which were resolved in the IRS's favor. In those circumstances, I don't see how you can arrive at the conclusion that the district court was beyond its discretion in making that determination. I don't know how you weigh one claim is more important than the other. I can tell you when we settled the case, we viewed ourselves as settling not just the actual damages part of it, but these punitive damages that although we had judgment could still be appealed and so forth. And that was really our concern in the case, and that was really what motivated the settlement. As to the actual damages part of it, the complaint as it was stated, they were asking for $50,000 in alleged lost contributions that resulted from the disclosure, and $10,000 related to a complaint to defend an allegation that the plaintiff had violated California election law. Of those claims in the complaint, that was where the United States position in the litigation was announced. We said we had to hold them to their proof, and of those claims, the $50,000 claim dropped out, so only the $10,000 claim that was in the complaint ended up surviving. But again, I think that this is a case, and I think that the Supreme Court in Pierce v. Underwood discusses why these sorts of cases are within the discretion of the district court. I think the district court quite reasonably exercised its discretion in concluding that the government's position in the litigation was substantially justified. I think that the district judge reasonably concluded that the plaintiffs did not prevail either as to the amount of controversy or as to the most significant issue. Unless the court has any questions for me, I'm happy to leave the balance of my time. Yes, just one point with regard to the actual damage claim. It is true that $50,000 in lost contributions was withdrawn from the case, but in addition, in discovery response, an additional roughly $48,000 or whatever was added in the case. So the actual amount in controversy, separate and apart from adding back the lost contributions, was roughly $60,000 more or less before the calculation of $50,000. I just wanted to make that clarification. Thank you, counsel. We'll come down and recounsel and then proceed to our final case for the day.
judges: Roger L. Gregory, G. Steven Agee, Albert Diaz